**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 14 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

WILLIAM P. ISHAM,

     Plaintiff-Appellant,

v.

PHYLLIS WILCOX and GARLAND
BILLS, in their individual and official
capacities; MICHAEL FISCHER,
in his official capacity; SHERMAN
WILCOX, in his individual and
official capacities and BOARD
OF REGENTS OF THE UNIVERSITY
OF NEW MEXICO,

     Defendants-Appellees.

No. 00-2177
(D.C. No. CIV-99-886-SC)
(D.N.M.)

---

ORDER AND JUDGMENT   *

---

Before **SEYMOUR** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff William P. Isham brought this action asserting a variety of claims under 42 U.S.C. § 1983 and state law relating to his employment at the University of New Mexico.  The district court dismissed his federal claims under Fed. R. Civ. P. 12(b)(6), and it declined to exercise supplemental jurisdiction over his state law claims.  Plaintiff appeals.  We review the district court's decision de novo, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff.  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff cannot prove a set of facts in support of his claims that would entitle him to relief.  *Id.*

The relevant facts, alleged in plaintiff's complaint and viewed in his favor, are as follows.  Plaintiff was a tenure-track professor in the University's linguistics department and helped revise the department's Signed Language Interpreting Program.  Plaintiff replaced defendant Phyllis Wilcox as coordinator of the program in 1997-98, and she thereafter began a campaign of harassment against plaintiff that eventually resulted in his having a nervous breakdown.  Plaintiff complained to University authorities about Phyllis Wilcox's harassment,

but no action was taken. In 1999, a committee met to review plaintiff's tenure. The committee included defendant Sherman Wilcox, Phyllis' husband. Plaintiff objected to Sherman Wilcox's presence on the committee, but to no avail. The committee was deadlocked on whether to grant plaintiff tenure, and defendant Bills, the department chair, broke the tie and voted against tenure. Plaintiff has since been terminated from employment at the University. Plaintiff brought this action against the University and several employees seeking damages and declaratory and injunctive relief, contending that defendants violated his constitutional rights in several ways and asserting state law claims for detrimental reliance/promissory estoppel, prima facie tort, breach of implied contract, and defamation.

Before we address plaintiff's arguments on appeal, we must first address the University's argument that it is entitled to Eleventh Amendment immunity from plaintiff's claims. An "assertion of Eleventh Amendment immunity challenges the subject matter jurisdiction of the district court, [and hence] the issue must be resolved before a court may address the merits." *Martin v. Kansas*, 190 F.3d 1120, 1126 (10th Cir. 1999), *overruled on other grounds*, *Bd. of Trustees of Univ. of Ala. v. Garrett*, 121 S. Ct. 955 (2001). Defendants include the University's Board of Regents and University employees in their official capacities, and the University is entitled to Eleventh Amendment immunity. *See*

-3-

*Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 494 n.3 (10th Cir. 1998). Thus, plaintiff's claims against the University, that is, his claims against the Regents and University employees in their official capacities, are barred to the extent he seeks damages and declaratory relief, except to the extent his request for declaratory relief is ancillary to his request for injunctive relief. *See id.* at 494-96 & nn.3 & 8.

Plaintiff also seeks injunctive relief against the University including reinstatement to his former position. As we explained in *Buchwald*, the Eleventh Amendment immunity exception enunciated in *Ex parte Young*, 209 U.S. 123 (1908), allows this claim to proceed against the defendant employees sued in their official capacities. *Buchwald*, 159 F.3d at 495. We therefore have jurisdiction to consider the merits of plaintiff's claims against the defendant University employees in their official capacities to the extent he seeks prospective injunctive relief. We also have jurisdiction to consider the claims against the employee defendants in their individual capacities.

Plaintiff's first § 1983 claim alleges that defendants violated his right to procedural due process with respect to his property interest in tenure and continued employment at the University. The district court rejected this claim because it concluded plaintiff had failed to establish that he had been deprived of a recognized property interest in tenure and continued employment. *See Bunger*

-4-

*v. Univ. of Okla. Bd. of Regents*, 95 F.3d 987, 990 (10th Cir. 1996) (requirements of procedural due process apply only to deprivation of interests encompassed by Constitution's protection of liberty and property).[1]   Noting that various sources such as state law or contracts may create a property interest in employment, the court stated that "[p]laintiff has provided no source for his alleged property interest in receiving tenure and continued employment." Appellant's App. at 12.

On appeal, plaintiff contends that the procedural requirements for making tenure decisions contained in the University's Faculty Handbook created a property interest in tenure and employment. This argument fails for at least two reasons. First, plaintiff did not raise it in the district court, and this court generally does not consider arguments made for the first time on appeal. *Sac & Fox Nation v. Hanson*, 47 F.3d 1061, 1063 (10th Cir. 1995). Second, procedural guarantees in a handbook cannot create a property interest to which due process requirements apply. *See Bunger*, 95 F.3d at 991 ("'Property' cannot be defined by the procedures provided for its deprivation . . . . The university's promise that it would follow certain procedural steps in considering the professors' reappointment did not beget a property interest in reappointment.") (quotation omitted).

---

[1]     Plaintiff also claimed that defendants violated his substantive due process rights, but he does not challenge the district court's rejection of this claim, and we therefore do not discuss it.

Plaintiff's second claim under § 1983 alleges that defendants deprived him of his liberty interest in his name and reputation in the academic community without the due process guaranteed by the Constitution. To show that defendants deprived him of his liberty interest in his name and reputation, plaintiff must prove that defendants made statements that (1) impugned his good name and reputation; (2) were false; (3) were made in the course of his termination or foreclosed other employment opportunities; and (4) were published. *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 578-79 (10th Cir. 1996). The district court held that plaintiff failed to allege that defendants made false and stigmatizing statements about him that were published during the course of his denial of tenure or which foreclosed other employment opportunities.

On appeal, plaintiff contends that statements made by Phyllis Wilcox that were ratified by the University harmed his reputation beyond repair and may prevent him from finding other work within his chosen field. Even if these statements could be considered false and stigmatizing, they were not made during the course of his termination. Further, potential damage to prospective employment opportunities is too intangible to constitute a deprivation of a liberty interest. *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1269 (10th Cir. 1989). The district court correctly found that plaintiff failed to state a liberty interest claim.

-6-

Plaintiff's final § 1983 claim alleges that he was treated less favorably than Phyllis Wilcox and that defendants thereby violated his right to equal protection. He claims that he was denied tenure while at the same time the University failed to take any action against Wilcox with respect to her harassment of him. He contends because he is a hearing individual and Wilcox is a hearing-impaired individual who had filed a discrimination complaint against the University, he was denied his right to equal protection because of his status. The district court determined that to state a valid equal protection claim, plaintiff had to show that he and Wilcox were similarly situated, *see City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985), and that he failed to adequately allege that they were.

We agree with the district court's analysis. Plaintiff and Wilcox were both professors, but that is where their similarity ends. He was denied tenure, but not for engaging in the same allegedly outrageous behavior in which Wilcox engaged. *See Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998). Because he has not shown that he and Wilcox were similarly situated, we do not address the level of scrutiny applicable to his claim.

In his reply brief on appeal, plaintiff contends that the district court should have granted him leave to amend his complaint if it concluded the complaint was deficient. Plaintiff has waived this issue by failing to raise it in his opening brief.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994). Moreover, in neither the district court nor this court has plaintiff explained how he would amend his complaint. *See Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999).

We conclude the district court correctly rejected plaintiff's federal claims. Plaintiff does not challenge the district court's decision not to exercise supplemental jurisdiction over his state law claims. Thus, we AFFIRM the judgment of the district court dismissing plaintiff's § 1983 claims under Rule 12(b)(6) and dismissing his state law claims without prejudice under 28 U.S.C. § 1367(c)(3).

Entered for the Court


Bobby R. Baldock
Circuit Judge
